UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 12-5746 DSF (AJWx) | Date | 8/20/12 |
|---|---|---|---|
| Title | Bernice C. Cross v. Novartis Pharmaceuticals Corp. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) ORDER TO SHOW CAUSE RE DISMISSAL FOR IMPROPER VENUE

Plaintiff Bernice C. Cross alleges several state law claims against defendant Novartis Pharmaceuticals Corporation, arising out of her infusion with Zometa®. The Complaint alleges that Plaintiff resides in Terrytown, Louisiana. Defendant, which apparently produced, marketed, distributed and promoted Zometa®, is alleged to be a Delaware corporation with its principle place of business in East Hanover, New Jersey. There is no apparent connection with the Central District of California (Central District).

The Court orders the parties to show cause, in writing not to exceed 15 pages, why this action should not be transferred to the United States District Court for the Eastern District of Louisiana, or, in the alternative, to the United States District Court for the District of New Jersey, for the convenience of the parties and witnesses, and in the interests of justice. See 28 U.S.C. §§ 124(a), 1404(a). All factual matters relied upon in the parties' submissions must be supported by appropriate declarations and admissible evidence. To assist the Court in determining whether transfer is appropriate and in the interest of justice, the parties are directed to address the following, in addition to sharing their beliefs as to which forum is more convenient for the parties and witnesses:

1. Whether this action could have been brought in the Eastern District of Louisiana or the District of New Jersey;

2. Whether venue is appropriate in the Eastern District of Louisiana or the District of New Jersey;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

3. What contacts, if any, each of the parties has to the Central District, the Eastern District of Louisiana, and the District of New Jersey. The parties should include information regarding the location of their administrative offices, real property, sources of revenue, and points of public contact;

4. What connection Plaintiff's causes of action have to the Central District, the Eastern District of Louisiana, and the District of New Jersey;

5. What witnesses are expected to be called and where they reside;

6. The availability of compulsory process to compel attendance of unwilling non-party witnesses in the Central District as compared to the Eastern District of Louisiana or the District of New Jersey;

7. The ease of access to sources of proof in each of the three forums;

8. The expected difference in the cost of litigation in the Central District as compared to the Eastern District of Louisiana and the District of New Jersey; and

9. Whether there are any alternative forums, other than the Central District, the Eastern District of Louisiana, or the District of New Jersey, that would be more convenient for this action, keeping in mind the inquiries above.

Plaintiff is ordered to file her response no later than September 10, 2012. Defendant must file its response no later than September 25. Failure to timely respond to this order to show cause may result in the imposition of sanctions.

IT IS SO ORDERED.